George STOUPAKIS, Plaintiff,

v.

BROTHERS GOURMET COFFEES, INC., Defendant.

Civil Action No. 95–00576.

United States District Court, District of Columbia.

Feb. 15, 1996.

Edward Charles Sussman, Washington, DC, for plaintiff.

J. Douglas Baldridge, Rudnick & Wolfe, Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on Defendant's motion for summary judgment. Plaintiff is a restauranteur who has operated a restaurant in Georgetown since approximately March 1992. Defendant, Brothers Gourmet Coffees, Inc., is a Delaware corporation that operates retail coffee bars.

## FACTS

Over a three month period in late 1994, Plaintiff and defendant were involved in negotiations regarding a potential purchase by Defendant of Plaintiff's leasehold interest in commercial real estate located in the Georgetown area of Washington, D.C. Plaintiff owned and operated a Georgetown restaurant and leased the premises under a ten year lease with a five year renewal option. During late September or early October of 1994, Plaintiff contacted Defendant to offer the Georgetown location as a possible site for one of Defendant's retail locations. After a preliminary inspection of the premises, Defendant dispatched Robert Clark, who was then Vice President for Real Estate with the Defendant to inspect the site and to begin negotiations with Plaintiff.

The Plaintiff had substantive negotiations with Mr. Clark discussing, among other things, the price that Defendant would pay, the structure of the transaction, the acquisition of Plaintiff's liquor license and the possible acquisition of some of Plaintiff's equipment. On October 25, 1994, Defendant sent Plaintiff a facsimile outlining the structure of the transaction. On October 26, 1994, Plaintiff sent a facsimile to Defendant accepting the terms. Sometime after October 26, Clark informed Plaintiff that Defendant could not complete the transaction on the terms that it had initially proposed.

On November 30, 1994, Clark sent another facsimile to Plaintiff indicating that he had received approval to "move ahead and finalize the business terms * * *." This facsimile went into detail about the terms of the agreement including, what equipment Defendant would purchase from Plaintiff, the total purchase price, and an installment payment schedule. Negotiations continued on certain specific terms and culminated with the execution of a memorandum between the two parties which was signed and accepted subject to the review of certain financial information by Plaintiff on November 30, 1995.

## SUMMARY JUDGMENT STANDARDS

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mere allegations or denials of the adverse party's pleadings are not enough to prevent issuance of summary judgment. The ad-

verse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.Pro. 56(e).

The Supreme Court set forth the governing standards for issuance of summary judgment in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Celotex*, the Supreme Court recognized the vital need for summary judgment motions to the fair and efficient functioning of the justice system:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed.Rule Civ.Proc. 1....
>
> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Id.* at 327, 106 S.Ct. at 2555. (citation omitted).

The moving party is entitled to summary judgment where "the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex* at 323, 106 S.Ct. at 2552. Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. See Local Rule 108(h).

In resolving the summary judgment motion, all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. *Harding v. Gray*, 9 F.3d 150, 154 (D.C.Cir.1993). The non-movant has met its burden of showing that a dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party". *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C.Cir.1987) (*per curiam*) (citing *Anderson, supra*).

## ANALYSIS AND DECISION

Defendant has attacked the November 30, 1994 memorandum agreement on the grounds that it does not constitute an enforceable contract. The record before this Court consists of a series of written and oral proposals and counter proposals exchanged between the parties over a period of time. It is clear that the parties were in good faith negotiations and under some time pressure due to a requirement imposed by the Defendant that the transaction be completed prior to January 1, 1995. The parties had agreed upon the purchase price, a payment schedule and such specific terms as the conveyance of the walk-in freezers, refrigerator and other equipment.

Given the existence of a signed agreement specifying the material terms of the transaction this Court cannot hold as a matter of law that no enforceable contract exists. There are genuine issues of material fact regarding the scope of the agreement and the intent of the parties that must be explored at trial. Defendant's motion for summary judgement will be denied.